**Louis L. ABRAMSKY, Plaintiff,**

v.

**UNITED STATES CONSUMER PRODUCTS SAFETY COMMISSION et al., Defendants.**

**No. 78 Civ. 2897 (CES).**

United States District Court, S. D. New York.

Oct. 2, 1979.

Louis L. Abramsky, pro se.

Robert L. Fiske, Jr., U.S. Attorney, S.D. N.Y., New York City, for Consumer Products; Stuart I. Parker, Asst. U.S. Atty., New York City, of counsel.

### MEMORANDUM DECISION

STEWART, District Judge:

Plaintiff, proceeding *pro se*, claims that defendants have violated the stipulation and order of dismissal entered in *Abramsky v. United States Consumer Products Safety Commission*, 78 Civ. 2897 (CES), ("Stipulation") by failing to provide a probationary employee, Harold Levin, with an opportunity to review and rebut documents allegedly used to support the termination of his employment. Mr. Levin received a notice of termination on August 29, 1979, effective September 14, 1979. Subsequently, the

plaintiff, acting in his capacity as president of the union, requested copies of all documents used to support the termination decision and requested a meeting with management. Both requests were denied. Plaintiff then informed the Court of these actions and requested an order requiring disclosure of the requested documents.[1] For the reasons set forth below, the plaintiff's motion is denied.

In the original action based on the Privacy Act of 1974 ("the Act"), plaintiff alleged that defendants had prepared secret reports concerning his activities and then refused to turn over portions of these reports to him in violation of the Act. After extensive negotiations the parties reached a settlement and entered a stipulation and order providing, *inter alia*, that: ·

> . . . notes and memoranda [pertaining to employee job performance] are relevant and timely prior to the time a personnel action is taken and until a final determination is made . . . in accordance with the statutes and regulations governing each such action.

The order also provided that the same policies and procedures apply to all employees of the defendants.

██ Plaintiff argues that the stipulation required that an employee be presented with the relevant documents used by the Commission in any personnel action. This interpretation exceeds the scope of both the stipulation and the Act. Neither requires the agency to provide documents to employees absent a request. Rather, the Act and the stipulation require that:

> the agency maintain records concerning individuals with such accuracy, relevance, timeliness and completeness as is necessary in any determinations relating to the qualifications, character, rights, or opportunities . . . of the individual.

5 U.S.C. § 552a(g)(1). This entails removing irrelevant and inaccurate information, providing individuals upon request with access to their files, and maintaining the accuracy of records by providing the opportunity, upon request, for individuals to amend

or comment on their file. 5 U.S.C. §§ 552a(d) & (e). If it is shown that the agency has denied a valid request for disclosure of records maintained in the system of records as defined by the Act, then it is appropriate for us to review the documents in question to determine whether the stipulation or the Act require that they be disclosed. *Smiertka v. United States Dept. of Treas.*, 447 F.Supp. 221 (D.D.C.1978).

██ Here, the union rather than the employee requested access to the employee's file. Section (b) of the Privacy Act prohibits the disclosure by the agency of any reports to any person without prior written consent of the individual unless disclosure is specifically provided for in the Act. Disclosure to a labor organization is not authorized by any of the eleven exceptions in the Act. 5 U.S.C. § 552a(b). *See Local 2047 Amer. Fed. of Gov't Employees v. Defense General Supply Center*, 423 F.Supp. 481, 486 (E.D.Va.1976). Consequently, unless Mr. Levin requests disclosure of his file or provides written consent to the disclosure of his file to the union, further inquiry into the agency's compliance with the stipulation and the Privacy Act is not warranted.

SO ORDERED.

---

1. Plaintiff also requested a stay of the termination date. Because that date expired prior to

the completion of the parties' submissions that motion is now moot.